UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHARLES BAUR,

          Plaintiff,

        -v-

JUDGE ERIC VITALIANO,

          Defendant.
-----------------------------------------------------------------x

**MEMORANDUM
AND ORDER
08-CV-01508 (CBA)**

AMON, United States District Judge:

      Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging defendant violated his civil rights by failing to sign papers causing him to serve nineteen more days in prison. Plaintiff seeks "$19,000 thousand" in damages. Complaint at ¶ V. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, the action is dismissed for the following reasons.

## BACKGROUND

      Plaintiff, currently incarcerated at the Metropolitan Detention Center, names as the sole defendant the Honorable Eric Vitaliano, United States District Judge, Eastern District of New York. His statement of claim states verbatim and in its entirety:

> Judge V Did not sign papers MDC keep me 19 Days longer Because Judge Vitaliano did not sign papers They keep me 19 days longer.

Complaint at IV. The Court takes judicial notice that on April 15, 2008 plaintiff was sentenced by Judge Vitaliano to twenty-four months in prison for a violation of probation imposed for a 2007 conviction by this Court for escape from custody of an institution or officer. United States v. Baur, 06-CR-784 (ENV), dkt entry no. 18. That conviction and sentence is pending with the

1

United States Court of Appeals for the Second Circuit.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Because plaintiff is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court should grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

A. Judicial Immunity

It is well-settled that judges are immune from liability under the doctrine of absolute judicial immunity. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967); Oliva v. Heller, 839 F.2d 37, 39 (2d Cir. 1988). "The rule of absolute judicial immunity is necessary because principled and fearless decision-making will be compromised if a judge fears that unsatisfied litigants may hound him with litigation charging malice or corruption." Sharp v. Bivona, 304 F.Supp.2d 357, 364 (E.D.N.Y. 2004) (internal quotations omitted).

The only exceptions to this broad doctrine are: (1) "non-judicial actions, *i.e.*, actions not

taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12. Here, plaintiff complains of actions taken by the district judge during the course of his presiding over criminal proceedings. While plaintiff may argue that the judge failed to execute a document, his allegations do not support a conclusion that Judge Vitaliano's actions were non-judicial in nature or were done in the complete absence of all jurisdiction. <u>See</u> <u>generally</u> <u>Tucker v. Outwater</u>, 118 F.3d 930, 932-37 (2d Cir. 1997) (flawed or erroneous exercise of authority did not deprive judge of immunity). As the alleged wrongdoings of the judge were acts performed in his judicial capacity, plaintiff's claims are foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii). Moreover, the Court declines to afford plaintiff leave to amend his complaint because it does not give any indication that a valid claim might be stated.

## CONCLUSION

Accordingly, Baur's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

3

good faith and therefore *in forma pauperis* status is denied for the purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and close this case.

SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
April 23, 2008